UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAIRE MORIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-12022-JLT |
| ) | |
| UNIV. OF MASSACHUSETTS, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND

October 31, 2011

SOROKIN, M.J.

Currently pending is the Plaintiff's Motion to Amend her Complaint. Docket # 50. For the following reasons, I RECOMMEND that the Court DENY the Plaintiff's Motion.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2009, the Plaintiff, Claire Morin, brought a pro se action for wrongful termination against her former employer, the University of Massachusetts Medical School (as well as against the University itself and its Board of Trustees), alleging discrimination on the basis of race and national origin, retaliation, defamation and breach of contract. Docket # 1. Morin filed her First Amended Complaint on January 7, 2010. Docket # 4. The Defendants filed a Motion to Dismiss and on May 12, 2010, Morin filed her Second Amended Complaint. Docket # 17. A subsequent motion to dismiss the Second Amended Complaint was denied by

1

the Court.  See Electronic Order of October 19, 2010.  The Court conducted a Rule 16 Scheduling Conference on December 8, 2010.  The Parties engaged in court-sponsored mediation, and on March 1, 2011, the Court allowed Morin's motion to permit the Parties to conclude discovery after mediation, if unsuccessful.  See Electronic Order of March 1, 2011.  The mediation was concluded unsuccessfully by July 18, 2011.  At a September 14, 2011, Status Conference, Morin reported that she wished to further amend the Complaint.  The Court ordered that she file her motion to amend by September 27, 2011, along with a discovery letter advising what discovery remained to be conducted and whether experts would be needed.  See Electronic Clerk's Notes of September 14, 2011.   Morin filed the pending motion (Docket # 50) on October 3, 2011, and filed the discovery letter on October 17, 2011 (Docket # 58).

II.     DISCUSSION

   Standard of Review

   Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading "shall be freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The First Circuit has often described this standard as reflecting the "liberal" amendment policy underlying Rule 15.  O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir.2004).  Reasons for denying leave to amend include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment.  U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir.2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

   Morin does not specifically articulate the grounds supporting her motion to amend, but she does indicate a desire to "reframe new evidence," from which the Court concludes that she

seeks to advance new claims based upon evidence learned during discovery. Docket # 50 at 1. Because the Parties have, with Court approval (see, supra), deferred discovery while exploring settlement, this is not a case where a late amendment reflects a lack of diligence on the part of the Plaintiff, or undue delay.[1]

Rather, the barrier to Morin's further amendment of her Complaint is the futility of the new claims to be advanced in the Proposed Third Amended Complaint. The Second Amended Complaint brought three claims against three defendants. Docket # 17. The Proposed Third Amended Complaint adds sixteen new defendants (fourteen individuals and two Boards of Registration) and seven new claims (including several constitutional claims pursuant to 42 U.S.C. §§ 1981 and 1983, as well as common law claims for breach of the covenant of good faith and fair dealing, civil conspiracy, tortious interference with contractual relations, and intentional infliction of emotional distress). Docket # 50-1.

The Defendants argue, correctly, that each of the claims to be asserted against the proposed new defendants is futile because they are barred by the three-year statute of limitations applicable to each claim. See Docket # 53 at 5-6. Morin was terminated from her employment in May, 2006. Docket # 50-1 at ¶ 4. Thus, each of her proposed claims against the individual defendants (assuming they were otherwise viable) should have been advanced by May, 2009. Morin filed the Complaint in this action on November 24, 2009, well after the expiration of the statute of limitations on the proposed new claims, and thus could not gain the benefit of relation

---

[1] The Court recognizes that Morin did not file the Motion to Amend by the date ordered, or confer meaningfully with opposing counsel concerning the proposed amendments. See Docket # 53 at 2-3. Because the undersigned recommends denial of the motion to amend on the basis of futility, infra, it is unnecessary to explore this issue further.

3

back doctrine with respect to the proposed amendments.[2]

Morin makes a perfuctory argument seemingly asserting that continuing violations doctrine, and/or her late discovery of some factual information relating to her claims, warrants tolling of the applicable statutes of limitations. With regard to continuing violations, Morin argues that "individuals acted beyond 2006, and are liable for condoning or perpetuating hostility negative reviews and opinions . . ." Docket # 56 at 2. While the Proposed Amended Complaint does include a reference to post-2006 conduct, in the form of what Morin considers to be inaccurate recitations of pre-termination events (See, e.g., Docket # 50-1 at ¶ 43), no individual actors are identified as having engaged in any post-2006 conduct. Her argument concerning late discovery is that "[i]n August 2011, she discovered a statutory report that prohibits licensing and decided to improve the system with faces [sic]." Docket # 56 at 2. Again, this vague statement, unconnected to the actions of any named individuals, is not sufficient to toll the statutes of limitation.

Morin also seeks to assert new claims against the already-named defendants, but these claims are likewise futile.[3] For example, claims pursuant to 42 U.S.C. § 1983 (proposed at Docket # 50-1, Counts I and V) for money damages do not lie against state agencies or their agents. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Likewise, "[t]his Court has previously held that [UMass Medical Center], as a part of the University of Massachusetts, is

---

[2] The proposed amendments are also futile with respect to the proposed new defendants for myriad additional reasons detailed in the Defendants' opposition to the motion to amend (Docket # 53 at 6 ff.). In the event that it becomes necessary because the Court does not agree that the claims are time-barred, the undersigned will address these remaining arguments.

[3] Again, the claims are also futile for numerous additional reasons articulated by the Defendants. See Docket # 53 at 6 ff.

4

a public institution established under the laws of the Commonwealth and is, accordingly, an 'arm' of the state entitled to Eleventh Amendment immunity." Orell v. UMass Mem'l Med. Ctr., Inc., 203 F.Supp.2d 52, 60 (D.Mass.2002) (Gorton, J.) (citation omitted). Each of the proposed common law claims to be added against the existing defendants fails on this basis.

The proposed claims against the two non-defendant state agency Boards (the Massachusetts Board of Physician Registration and the Maryland Board of Physicians) appear to face the same Eleventh Amendment hurdle, making proposed claims against them futile.

III. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court DENY the Plaintiff's Motion to Amend (Docket # 50).[4]

                                                          /s / Leo T. Sorokin
                                          UNITED STATES MAGISTRATE JUDGE

---

[4] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).