UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAIRE MORIN,<br><br>  Plaintiff,<br><br>v.<br><br>UNIV. OF MASSACHUSETTS, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 09-12022-JLT<br>)<br>)<br>)<br>)<br>) |

ORDER ON MOTION TO COMPEL

October 31, 2011

SOROKIN, M.J.

On October 6, 2011, the pro se Plaintiff moved to compel production of statutory reports made pursuant to 243 C.M.R. 1.03(14). Docket # 52.  The Court initially construed the Motion as seeking production of the documents from the Defendants pursuant to Fed. R. Civ. P. 37 subsequent to her failure to obtain them by subpoena from third parties.  See Electronic Order of October 24, 2011.

The Defendants have represented to the Court that they have withheld no responsive documents in their possession and that the pro se Plaintiff appears to seek by her motion to compel the production of documents from the Board of Registration in Medicine of the Commonwealth of Massachusetts and the Maryland Board of Physicians, to whom she had directed subpoenas.  See Docket # 60.  Reviewing the Plaintiff's motion in this light, the Court agrees.  Morin complains therein that "[l]icensing boards could withhold documents

1

notwithstanding subpoena" and notes that "Maryland and Massachusetts cited privileges." Docket # 52 at 1.  The Plaintiff, however, appears to continue to assert that it is the Defendants from whom she seeks disclosure by her motion.  See Docket # 61.

To the extent that the Motion seeks to compel disclosure from the Defendants pursuant to Fed. R. Civ. P. 37, it is DENIED, because the Defendants have represented to the Court that they have no further responsive documents in their control, custody or possession.  If the Plaintiff believes that the Defendants have withheld responsive documents in their control, custody or possession, she may file a renewed motion seeking specific documents.

To the extent that Morin intended to compel disclosure of the disputed documents by the Boards themselves pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i), that motion is likewise DENIED, WITHOUT PREJUDICE since there is no indication in the record that Morin has complied with the requirements of Rule 45(c)(2)(B)(i) by providing "notice to the commanded person," (i.e., to the Boards) of her motion to compel production.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge